UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ALBRECHT,

                Petitioner,                CASE NO. 13-mc-50545

        vs.                      DISTRICT JUDGE DAVID M. LAWSON

                                      MAGISTRATE JUDGE MONA K. MAJZOUB

SOCIAL SECURITY
ADMINISTRATION OFFICE OF
THE INSPECTOR GENERAL,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Mary Albrecht filed this action under the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410, et seq., challenging the Respondent Social Security Administration Office of the Inspector General's attempt to obtain her financial records from Diversified Retirement through use of an Inspector General Subpoena.  (*See* docket no. 1.)  Before the Court is Plaintiff's Motion to Enjoin Respondent from Obtaining Her Financial Records (styled a "Motion for Order Pursuant to Customer Challenge Provisions of the [RFPA]")  (Docket no. 1.)

After finding that Plaintiff had complied with Section 3410(a) RFPA in bringing her Motion, the Court ordered Respondent to file a Response pursuant to Section 3410(b).  Respondent filed its response on June 21, 2013.  (Docket no. 6.)   All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 2.)   The Court has reviewed the pleadings, dispenses

1

with a hearing, and issues this report and recommendation.[1]

## I.   Recommendation

For the reasons that follow, the Court recommends DENYING Plaintiff's Motion (docket no. 1).  Therefore, the Court recommends dismissing this matter in its entirety.

## II.   Report

### A.   Facts and Procedural History

In November of 2002, Petitioner began receiving Supplemental Security Income ("SSI") payments.[2]  (Docket no. 4 ¶7.)  Respondent, however, received an anonymous tip that Petitioner had been committing fraud against the SSA.  (*Id.* ¶6.)  Specifically, the allegation claimed that Petitioner "was awarded money in a divorce settlement, won an insurance claim settlement, and had other income/resources that would affect her eligibility for SSI benefits."  (*Id.*)  On February 12, 2012, Petitioner was given an opportunity to tell the SSA about her resources, at which time she acknowledged that she had not disclosed certain assets, including that she had acquired "a portion of [her] ex-husband's 401k."  (*Id.* ¶9.)

On March 22, 2013, Respondent served a subpoena duces tecum on Diversified Retirement seeking the records associated with Petitioner's 401k account for the period of January 1, 1998,

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

[2]As Respondent notes, "The SSI program is a cash assistance program which is intended to assist adult disabled, blind or aged individuals. Entitlement to SSI payments is based on financial need, as well as other criteria; in order to be eligible to receive – or to continue receiving – SSI benefits, the beneficiary's financial resources may not exceed certain federal and state guidelines.  If a beneficiary's financial assets or income exceed those thresholds, she is no longer eligible for SSI and the payments must be terminated."  (Docket no. 6 at 4-5 (citations omitted).)

through the present. (Docket no. 6-1 at 1; *see also* docket no. 4 ¶11.) That same day, Respondent sent Petitioner the following: (1) a Customer Notice; (2) a Statement of Customer Rights; (3) a Customer Consent and Authorization Form; (4) Motion/Statement Instructions; (5) a Motion Form; (6) a Sworn Statement Form; (7) a Certificate of Service; and (8) a copy of the Subpoena. (Docket no. 6-1 at 4-14; *see also* docket no. 4 ¶12.) Petitioner acknowledged receipt by certified mail on March 23, 2013. (*See* docket no. 4 ¶14.)

On April 9, 2013, Petitioner filed her instant Motion using what appear to be the forms provided by Respondent. (*Compare* docket no. 1 at 1-3, *with* docket no. 6-1 at 11-13.) In her Motion, Petitioner alleges that Respondent is looking into her finances from 2011 through the present but has requested the financial records related to her 401k account dating back to 1998. Thus, Petitioner argues, the records from 1998 through 2010 are not relevant. (*Id.*) Petitioner further alleges that Respondent has failed to comply with the provisions of Section 3410 because Respondent provided her with a "consent form" and not a copy of the actual subpoena.[3] (*Id.*) Respondent argues that Petitioner's Motion should be denied because (1) Respondent is engaged in a legitimate law enforcement inquiry, (2) the materials sought are reasonably relevant to that inquiry, and (3) Respondent substantially complied with the RFPA. (Docket no. 6 at 7-9.)

### B.     Standard of review

To determine whether to grant Petitioner's Motion under the RFPA, the Court must determine whether: (1) "there is a demonstrable reason to believe that the law enforcement inquiry

---

[3]Petitioner's daughter, Natalie Hillman, also challenged a similar subpoena served on the same day, which sought records related to a certificate of deposit in both her name and Petitioner's name. *See Hillman v. SSA-OIG*, Docket No. 2:13-mc-50599. A Report and Recommendation to Deny Hillman's Motion is currently pending in that matter. *Id.* at docket no. 8.)

3

is legitimate;" (2) there is "a reasonable belief that the records sought are relevant to that inquiry;" and (3) "there has . . . been substantial compliance with the provisions of this chapter."  12 U.S.C. §3410(c).  If so, the Court must "deny the motion or application."  *Id.*

### C.   Analysis

#### 1.   The Law Enforcement Inquiry is Legitimate

A law enforcement inquiry is "a lawful investigation . . . inquiring into a violation of . . . any criminal or civil statute or any regulation, rule, or order issued pursuant thereto."  12 U.S.C. §3401(8).  Respondent is inquiring into whether Albrecht violated the Social Security regulations through falsifying her application materials and withholding financial information.  Such an inquiry is a legitimate law enforcement inquiry.

#### 2.   The Records Sought are Relevant to the Law Enforcement Inquiry

Respondent does not have a substantial burden to meet in satisfying the relevancy requirement:

> [I]t is generally acknowledged that "[f]or purposes of an administrative subpoena, the notion of relevancy is a broad one," and that it requires that the information sought "touches a matter under investigation."  Thus, while the government has to show *something* beyond mere curiosity in order to justify a subpoena, it does not have to show a lot.

*Claxton v. Soc. Sec. Admin.*, No. 07-x-50268-DT, 2008 WL 161594 at *3 (E.D. Mich. Jan. 15, 2008) (internal citations omitted) (emphasis in original).  "The ultimate burden of showing that the records sought are relevant to a legitimate law enforcement inquiry is on the government."  *Breakey v. Inspector Gen. Of U.S. Dept. Of Agriculture*, 836 F.Supp. 422, 425 (E.D. Mich. 1993) (citing *Hunt v. U.S. Sec. & Exchange Comm.*, 520 F.Supp. 580, 603 (N.D. Tex.1981) (citation omitted)).  But "the initial burden of production is on the movant," who must offer facts that show "the documents

4

requested have no connection with the subject matter of the investigation, he has not committed any offense related to the investigation, or he is the subject of harassment by the requests." *Id.* (citing *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C.1980)).

Here, Petitioner argues that the inquiry in question relates only to the years 2011 through the present; therefore, any inquiry dating back to 1998 is overbroad and irrelevant. (Docket no. 1 at 2.) Respondent argues that "although the subpoena includes records related to the time period three years before Albrecht first received SSI benefits, the records are necessary to determine the full extent of Albrecht's financial resources during the period she applied for and received SSI." (Docket no. 6 at 8-9.) Petitioner provides no basis for her assertion that the government's inquiry relates only to the years 2011 through the present. Indeed, it appears that Respondent is attempting to ascertain whether Petitioner had sufficient resources to bar her eligibility for SSI benefits at the time she began receiving such payments in 2002. And while Respondent has not clearly articulated why it requires records from 1998 through 2002, aside from alleging that such records will show "the full extent" of Petitioner's resources, the records that Respondent seeks do "touch[] a matter under investigation;" it does not appear that the government is merely curious. Thus, the Court agrees with Respondent and finds that although the connection is tenuous, the records sought are relevant to Respondent's inquiry.

### 3.    Respondent Substantially Complied with the RFPA

To comply with the requirements of the RFPA, the government must show that "a copy of the subpoena . . . has been served upon the customer or mailed to [her] last known address on or before the date on which the subpoena . . . was served on the financial institution." 12 U.S.C. §3405(2). Petitioner asserts that Respondent "failed to provide me a copy of the subpoena and the

information sought." (Docket no. 1 at 2.) Petitioner acknowledges receipt of a consent form, but argues that "[a] consent form is not a subpoena." (*Id.*)

In its Response, the government provided a copy of the information packet that it sent to Petitioner on March 22, 2013. (Docket no. 6-1.) In the cover letter sent to Petitioner, Respondent indicates that enclosed with the document is a "Subpoena (Copy)." (*Id.* at 4.) In light of Petitioner's assertion that she did not receive a copy of the subpoena, the Court cannot be entirely certain that this copy of the subpoena did, indeed, make its way into the packet mailed to Petitioner. Nevertheless, Special Agent Kathryn Krieg declares under penalty of perjury that she personally sent a copy of the subpoena to Petitioner on March 22, 2013. (Docket no. 4 ¶12.) Thus, the Court finds that Respondent substantially complied with the RFPA and, therefore, recommends that Petitioner's motion be denied.[4]

### D.    Conclusion

For the reasons stated herein, the Court recommends DENYING Plaintiff's Motion (docket no. 1). Therefore, the Court recommends dismissing this matter in its entirety.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

---

[4]In *Hillman,* Petitioner's daughter also asserted that Respondent had failed to provide her with a copy of the subpoena at issue. *Hillman*, no. 2:13-mc-50599, docket no. 1 at 3. The *Hillman* Court also found that Special Agent Krieg's declaration was a sufficient basis for determining that Respondent had complied with the RFPA. *Id.*, docket no. 8 at 4.

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 8, 2013                     s/ Mona K. Majzoub                              
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Laverne Adams and Counsel of Record on this date.

Dated: August 8, 2013                     s/ Lisa C. Bartlett        
                                          Case Manager

7